IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division

| | | |
|---|---|---|
| KERRY S. HAYNES, JAMES THOMPSON, & ROBERT SUBIA on behalf of themselves and others similarly situated, | § § § § § | CIVIL ACTION NO. 15-cv-349 |
| *Plaintiffs*, | § § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION |
| ACME ENERGY SERVICES, INC. *d/b/a* BIG DOG DRILLING, | § § § | |
| *Defendant.* | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Acme Energy Services, Inc. d/b/a Big Dog Drilling ("Big Dog"), a company in the oil drilling business, is violating the Fair Labor Standards Act ("FLSA") by forcing its drillers, motor men and derrick hands (collectively "Rig Workers") to work a substantial amount of overtime without properly paying overtime compensation, thus depriving them of rightful compensation for their work that Big Dog is legally obligated to pay.

2. Plaintiffs Kerry S. Haynes, James Thompson, and Robert Subia (collectively "Plaintiffs") worked for Big Dog and were damaged by this illegal policy or practice. Each Plaintiff was similarly denied the overtime compensation he was due under the FLSA. Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former Big Dog Rig Workers to recover unpaid overtime compensation,

liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Western District of Texas. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Haynes worked for Big Dog as a driller. He regularly worked in excess of 40 hours per week without receiving all the overtime compensation that he was due at one-and-one-half times his regular rate of pay. Plaintiff Haynes' consent is attached as Exhibit A.

6. Plaintiff Thompson worked for Big Dog as a motor man. He regularly worked in excess of 40 hours per week without receiving all the overtime compensation that he was due at one-and-one-half times his regular rate of pay. Plaintiff Thompson's consent is attached as Exhibit B.

7. Plaintiff Subia worked for Big Dog as a derrick hand. He regularly worked in excess of 40 hours per week without receiving all the overtime compensation he was due at one-and-one-half times his regular rate of pay. Plaintiff Subia's consent is attached as Exhibit C.

8. The class of similarly situated employees consists of all current and former Rig Workers who were employed by Big Dog during the three-year period preceding the

filing of this complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

9. Acme Energy Services, Inc. d/b/a Big Dog is a Texas corporation with a principal place of business at 110 N. Marienfeld, Suite 200, Midland, Texas 79701 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Big Dog employed Plaintiffs within the meaning of the FLSA. Big Dog may be served with process by serving its Registered Agent, Autry C. Stephens, at 110 N. Marienfeld, Suite 200, Midland, Texas 79701.

## IV.   BACKGROUND

10. Big Dog is headquartered in Midland, Texas and is in the business of drilling for oil. Big Dog utilizes a number of on-land mobile drill rigs that are moved to various well sites.

11. The crew on each rig includes the tool pusher, who is the rig supervisor, a driller, motor men, and a number of derrick hands. Generally, the drilling operation runs 24 hours a day, seven days a week.

12. The driller generally assists with ensuring that the work on a rig is done correctly, safely, and efficiently. The driller is responsible for operating the drilling and hoisting equipment on the rig deck. This can include managing the rig floor and driller's console, which includes brakes, monitors and throttles for the drilling equipment. Measurements, reading, and other feedback from the drilling console allows the driller to make adjustments to the drilling operation as they become necessary.

13. Motor men work with drillers and derrick hands on the rigs and are generally responsible for ensuring that all motors are working properly on all of the

equipment. Motor men perform maintenance as necessary and keep all vehicles up and properly functioning.

14.     Derrick hands work with drillers and motor men on the rigs, performing a variety of functions all designed to ensure the drilling equipment is working properly. Specifically, derrick hands maintain and repair as necessary mud pumps, shakers, and trash pumps. They also maintain fuel and mud levels on the rigs at appropriate levels.

15.     The Rig Workers generally work one week on duty followed by one week off duty. During the week the Rig Workers work on the rig, they typically work at least 12 hour shifts for each of the seven days. The Rig Workers are provided with a trailer where they live during their week on site and, although they may be off-duty for 12 hours during their week working on the rig, the Rig Workers are "on call" 24 hours a day for all seven days. In addition, the Rig Workers are required to attend 30-minute mandatory safety meetings every morning before the start of their shift, and were additionally required to attend an approximately 30-minute long safety meeting at the end of their shift two to three nights per week. Time spent for safety meetings was unpaid during most or all of the relevant period. Thus, during typical weeks working on a rig, the Rig Workers work approximately 88 or more hours, with approximately 4-5 hours of that time (the safety meeting time) uncompensated. After completing one full week on duty, the Rig Workers usually leave the rig site for a week and typically log no hours worked unless they are called back to the rig during the off week.

16.     Big Dog pays its Rig Workers by the hour utilizing a pay period that consists of two weeks. Big Dog's workweek for purposes of calculating hours worked and overtime runs from Monday through Sunday. Big Dog also pays its Rig Workers a "per diem" for

each day worked, designed to cover expenses incurred by the Rig Workers while on duty. This per diem does not vary from week to week and bears no correlation to the actual dollar value of expenses incurred by the Rig Workers.

## V.   PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### A.   *Big Dog Failed to Properly Pay Overtime Compensation.*

17. Plaintiffs worked on one or more Big Dog rigs in Texas. During their tenure at Big Dog, Plaintiffs typically worked 12-hour or longer shifts during the weeks they worked on a rig site, although they remained "on call" during their entire weeklong stay on a rig site. After leaving the rig site at the conclusion of their week of work, Plaintiffs would typically spend the next week off duty away from the rig site, though Plaintiffs who lived near the rig site may be called back to work during the off-duty week. During typical on-duty weeks that Plaintiffs worked on the rig site, they commonly worked approximately 88 or more hours, with the time spent attending mandatory safety meetings being uncompensated.

18. Big Dog paid Plaintiffs a set hourly rate for each hour worked. Big Dog also paid Plaintiffs a per diem of $40 for each day that they worked on the rig site. This per diem never changed, regardless of the amount of expenses incurred by Plaintiffs.

19. Big Dog's pay periods consisted of two weeks. Thus, during each pay period, Plaintiffs worked approximately 88 or more hours during one of the weeks and then typically worked 0 hours during the other week, unless they were called back during the off-week. For the weeks that Plaintiffs were on duty, Big Dog typically compensated Plaintiffs for only approximately 20 hours of the 48 or more hours of overtime that they had actually worked during the week. For most of the remaining hours, Plaintiffs were

5

compensated at their regular rates of pay. Plaintiffs were typically not compensated for actual time attending mandatory safety meetings.

20. The FLSA requires Big Dog to pay overtime compensation for each hour Plaintiffs worked in excess of 40 hours in a week. Big Dog should have paid Plaintiffs for 40 hours of regular pay and at least 48 hours or more of overtime in typical workweek, including time spent attending mandatory safety meetings, but Big Dog failed to pay the Rig Workers that amount.

21. Further, because the per diem did not actually reflect expenses incurred by Plaintiffs, but was rather a set amount paid out each day regardless of actual expenses incurred, the FLSA requires the per diem amount to be included in Plaintiffs' regular rate of pay, which would then increase their overtime rate of pay by the corresponding increase in their regular rate of pay.

22. By failing to pay Plaintiffs their overtime rate of pay for 48 hours or more each pay period and by failing to properly calculate Plaintiffs' regular rate of pay and overtime rate of pay, Big Dog has deprived Plaintiffs of a significant amount of overtime compensation to which they are rightfully entitled.

**B.    *Big Dog Willfully Violated the FLSA.***

23. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiffs. Big Dog failed to follow these rules when paying Plaintiffs.

24. Big Dog had a policy and/or practice of paying its Rig Workers for only a portion of the overtime the Rig Workers worked instead of the actual amount of overtime that they worked in a given week. Big Dog also had a policy and/or practice of

miscalculating the regular rate of pay and overtime rate of pay for its Rig Workers based on the per diem that it paid to the Rig Workers for each day worked.

25. Big Dog knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for the Plaintiffs.

## VI.  COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs are aware that Big Dog's illegal policies or practices have been imposed upon Members of the Class.  Like Plaintiffs, the Members of the Class work for Big Dog as Rig Workers, including drillers, motor men, and derrick hands.  The Members of the Class perform job duties similar to Plaintiffs, namely assisting with the day-to-day operation and maintenance of the oil rigs.

27. As with Plaintiffs, Members of the Class typically work 12-hour or longer shifts for seven consecutive days while working at a rig site, and then leave the rig site and generally do not work any hours for the following seven day period unless they are called back to the rig.  While working on a rig site, Members of the Class are also "on call" during the time that they are not working.  Thus, the Members of the Class work 88 hours per week or more during the week that they are on the rig site and generally work 0 hours during the week that they are off the rig site, unless they are called back during the off week.

28. As with Plaintiffs, Members of the Class are paid every other week.  Upon information and belief, the Members of the Class are also paid for only a portion of the overtime hours actually worked, with their remaining time compensated at their regular rate of pay.  The FLSA requires that hours over 40 worked in a week be compensated at the overtime rate of 1½ times the regular rate of pay.  Upon information and belief,

Members of the Class, like Plaintiffs, are not compensated for actual time spent attending mandatory safety meetings several times per work week.  Like Plaintiffs, Members of the Class should be paid their regular rate for 40 hours and their overtime rate for all hours worked over 40 in a week.

29. The Members of the Class are also paid a per diem for each day they work that is designed to cover the expenses they incur while working.  However, on information and belief, that per diem does not fluctuate based upon the expenses actually incurred.  Therefore, the FLSA requires that the per diem be included in the regular rate of pay for the Members of the Class, meaning that Big Dog has failed to properly calculate both the regular rate of pay and the overtime rate of pay for the Members of the Class.

30. Big Dog's failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice at Big Dog to pay its Rig Workers for less than all of the overtime hours a worker actually worked during a work week.  As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as the Plaintiffs.

31. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former Rig Workers (including drillers, motor men, and derrick hands) who were employed by Big Dog during the three-year period preceding the filing of this complaint.**

32. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

33. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

34. The preceding paragraphs are incorporated by reference.

35. As set forth above, Big Dog violated the FLSA with respect to Plaintiffs and Members of the Class by failing to pay overtime for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

36. Plaintiffs and Members of the Class are entitled to recover overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

37. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

38. In addition, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

39. Plaintiffs demands a jury trial.

## PRAYER

WHEREFORE, Plaintiffs requests that this Court award them and Members of the Class judgment against Acme Energy Services, Inc. d/b/a Big Dog Drilling for:

1. damages for the full amount of their unpaid overtime compensation;
2. an amount equal to their unpaid minimum wages and overtime compensation as liquidated damages;
3. reasonable attorneys' fees, costs and expenses of this action;
4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5.	such other and further relief as may be allowed by law.

                                        Respectfully submitted,

                                        BAILEY PEAVY BAILEY PLLC


                                        By:  /s/    Robert W. Cowan
                                                Robert W. Cowan
                                                Attorney-in-Charge
                                                TX Bar No. 24031976
                                                440 Louisiana Street, Suite 2100
                                                Houston, Texas 77002
                                                Telephone:  (713) 425-7100
                                                Facsimile:  (713) 425-7101
                                                rcowan@bpblaw.com