IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KERRY HAYNES, JAMES THOMPSON, and ROBERT SUBIA, on behalf of themselves and others similarly situated, § § § § | | |
| PLAINTIFFS § § § | | |
| V. § | No. 1:15-CV-349-RP | |
| § | | |
| ACME ENERGY SERVICES, INC. D/B/A BIG DOG DRILLING, § § § § | | |
| DEFENDANT § | | |

## ORDER

Before the Court are Defendant's Motion to Transfer Venue and Supporting Brief, filed July 6, 2015 (Clerk's Dkt. #11); Plaintiff's Response to Defendant's Motion to Transfer Venue and Supporting Brief, filed July 15, 2015 (Clerk's Dkt. #13); and Defendant's Reply in Support of its Motion to Transfer Venue, filed July 22, 2015 (Clerk's Dkt. #14). Having reviewed the pleadings, the applicable case law and the entire case file, this Court issues the following Order.

## Background

Plaintiffs, former employees of Defendant, filed their Original Collective Action Complaint on April 30, 2015 alleging Defendant failed to pay its employees overtime wages for all hours worked in excess of forty hours a week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Plaintiffs are seeking, on behalf of themselves and others similarly situated, the recovery of the overtime compensation at issue, liquidated damages and attorney's fees.

Pursuant to 28 U.S.C. § 1404(a), Defendant moves to transfer this action to the United States District Court for the Western District of Texas, Midland-Odessa Division.

**Standard of Review**

Under § 1404, a district court may "[f]or the convenience of parties and witnesses, in the interest of justice" transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). District courts have broad discretion in determining whether or not to grant a motion to transfer under § 1404(a). *In re Volkswagen AG*, 545 F.3d 304, 311 (5th Cir. 2008). When considering such motion, the court looks to a variety of private and public interest factors, none of which are dispositive. *Id.*, at 315. The motion should be granted when "the movant demonstrates that the transferee venue is clearly more convenient." *Id.*

**Discussion**

Arguing this case has no connection to Austin, Defendant asserts the Midland-Odessa Division is clearly more convenient because Defendant's headquarters (including its human resources and payroll departments), the majority of its drilling rigs and nearly all of the relevant documents, potential witnesses and putative class members are located in and around the Midland-Odessa area. Defendant also asserts the alleged acts and/or omissions of which Plaintiffs complain all occurred in and around Midland-Odessa, and that the named Plaintiffs reside either in Midland-Odessa or closer to that area than to Austin.

Plaintiffs do not dispute Defendant's contention that trying this action in the Midland-Odessa Division would be more convenient. In fact, Plaintiffs expressly acknowledge Defendant "may be correct that most of the public and private interest factors weigh in favor of transferring this case to the Midland-Odessa Division, or at least such factors are neutral . . .." (Pls. Response, ¶ 1). The Plaintiffs oppose the transfer, however, "out of concern as to whether the case may be expeditiously resolved in that division." *Id.*[1]

The Court finds, and Plaintiffs do not dispute, that the Midland-Odessa Division is clearly

---

[1] There is currently no full-time United States District Judge assigned to the Midland-Odessa Division.

more convenient for the parties and witnesses. The only argument Plaintiffs assert against such transfer is the potential for delay. When the interest factors weigh in favor of transfer, however, the speed with which the transferee court may resolve the action does not outweigh the other considerations. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (D.C. Cir. 2009).

Accordingly, the Court finds Defendant's motion should be granted and the case transferred to the Midland-Odessa Division.

**IT IS THEREFORE ORDERED** Defendant's Motion to Transfer Venue and Supporting Brief (Clerk's Dkt. #11) is hereby **GRANTED**, and this action is hereby **TRANSFERRED** to the Midland-Odessa Division of the Western District of Texas.

**SIGNED** on July 24, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE